UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-03442-KK-ACCVx** | Date: | June 3, 2026 |
|---|---|---|---|

Title:    *Modesta Araujo-Contreras v. James Janecka et al.*

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

|   Dominique Carr   |   Not Reported   |
|---|---|
|   Deputy Clerk   |   Court Reporter   |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order ACCEPTING Findings and Recommendation of United States Magistrate Judge [Dkt. 19]**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus ("Petition"), the records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), and Respondents' Objections to the Report. Further, the Court has engaged in a de novo review of those portions of the Report to which objections have been made. See 28 U.S.C. § 636(b)(1). For the reasons set forth below, the Court **ACCEPTS** the Findings and Recommendation of the United States Magistrate Judge and **GRANTS** the Petition.

The Report finds Petitioner's detention violates her right to procedural due process. ECF Docket No. ("Dkt.") 19, Report ("Rep.") at 7-10. The Report, thus, recommends Petitioner be released from custody and Respondents be enjoined from re-detaining Petitioner without notice and a hearing before an immigration judge at which the government must justify her detention by clear and convincing evidence. Id. at 11.

In their Objections, Respondents object solely to the Report's recommended remedy of an injunction requiring a pre-deprivation hearing before Petitioner may be re-detained. Dkt. 21, Objections ("Objs."). Respondents do not object to the Report's recommended remedy of Petitioner's release from immigration custody.

Respondents' Objections to the Report's recommendation of a permanent injunction are unpersuasive. First, Respondents object to the Report's analysis of Petitioner's procedural due process claim under Mathews v. Eldridge, 424 U.S. 319 (1976), finding a pre-deprivation hearing is required before Petitioner may be re-detained. Objs. at 3-4. However, Respondents misread the applicable case law. Contrary to Respondents' assertions, Rodriguez Diaz v. Garland, 53 F.4th 1189

(9th Cir. 2022), does not stand for the proposition that "the availability of post-deprivation process disposes of a <u>Mathews</u> challenge." Objs. at 3. Rather, in <u>Rodriguez Diaz</u>, the Ninth Circuit merely explained a court's application of the <u>Mathews</u> test to an immigration detainee's due process claim must account for "the process [a petitioner] received during [detention]" and "the further process that was available to [them]." 53 F.4th at 1208. Moreover, the Ninth Circuit expressly held it did "not foreclose all as-applied due process challenges" to detention under 8 U.S.C. § 1226(a). <u>Id.</u> at 1213. Here, the Report expressly accounts for the fact Petitioner was denied a bond hearing on jurisdictional grounds, despite the Court's December 23, 2025 Order requiring a substantive bond hearing. Rep. at 10. It is also undisputed Petitioner still has not received a bond hearing on the merits to justify her continued detention. Thus, consistent with <u>Rodriguez Diaz</u>, the Report properly considers the lack of process "received" by and "available" to Petitioner in finding an as-applied due process violation necessitating a pre-deprivation hearing.[1] 53 F.4th at 1208. If anything, Respondents' overly broad reading of <u>Rodriguez Diaz</u> and refusal to consider the specific facts of this case only further "magnify[] the risk of erroneous deprivation," reinforcing the need for a pre-deprivation hearing. <u>Guillermo M. R. v. Kaiser</u>, 791 F. Supp. 3d 1021, 1034 (N.D. Cal. 2025); <u>see also</u> <u>Pinchi v. Noem</u>, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) (finding post-detention procedural safeguards inadequate to mitigate the risk a noncitizen's detention "will have served no valid government purpose"); <u>Fernandez v. Semaia</u>, No. EDCV 25-03412-SPG-MBKx, 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026) (finding a high risk of erroneous deprivation where a post-deprivation hearing could result in indefinite detention "without <u>any</u> process").

Second, Respondents object that Petitioner fails to demonstrate her re-detention is sufficiently imminent such that a permanent injunction is warranted. To the extent Respondents challenge the ripeness of an injunction, Respondents' argument fails. Objs. at 4-5. Respondents have not provided any assurance they will not re-detain Petitioner. To the contrary, throughout the course of this case, Respondents have consistently maintained they are "broadly authorized" to re-detain noncitizens like Petitioner, without offering any limits to that discretion. Dkt. 14 at 4. Respondents' position thus "implies that the government may act on its presumed authority to re-arrest Petitioner at any moment." <u>Jorge M.F. v. Jennings</u>, 534 F. Supp. 3d 1050, 1056 (N.D. Cal. 2021). Moreover, Petitioner's right to a pre-deprivation hearing "can only be protected through a challenge brought prior to his re-detention." <u>Id.</u> The Court thus rejects Respondents' ripeness argument. <u>See</u> <u>Ortega v. Bonnar</u>, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) (rejecting similar ripeness challenge).

To the extent Respondents contend Petitioner is not entitled to permanent injunctive relief under <u>eBay Inc. v. MercExchange, L.L.C.</u>, 547 U.S. 388 (2006), the Court also rejects this argument. Objs. at 5-6. As the Report finds, Petitioner has been detained in violation of her procedural due process rights. Therefore, Petitioner has "unquestionably" suffered irreparable injuries that cannot be compensated for by other remedies. <u>See</u> <u>Melendres v. Arpaio</u>, 695 F.3d 990, 1002 (9th Cir. 2012) ("It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" (citation omitted)); <u>Hernandez v. Sessions</u>, 872 F.3d 976, 995 (9th Cir. 2017)

---

[1] For this reason, Respondents' attempt to analogize this case to other purportedly "indistinguishable" district court cases declining to order release – which, in fact, are distinguishable insofar as they involved petitioners who had received adequate post-deprivation procedural protections – fails. <u>See</u> Objs. at 3-4. Indeed, Respondents' attempt to justify Petitioner's detention by comparison to materially distinguishable cases only underscores the Report's finding of a high risk of erroneous deprivation.

(identifying irreparable harms from immigration detention).  Further, as noted above and in the Report, the circumstances of Petitioner's detention do "'not inspire confidence' that, absent a court order, Respondents will afford Petitioner process that is consistent with their own policies and regulations, applicable statutes, and the United States Constitution." Pour v. Bondi, No. C26-0562 TSZ, 2026 WL 972410, at *3 (W.D. Wash. Apr. 10, 2026) (quoting Elshourbagy v. Bondi, 817 F. Supp. 3d 1102, 1115 (W.D. Wash. 2025)).  Additionally, in light of Respondents' violation of Petitioner's constitutional rights, the balance of equities "tips steeply in [her] favor, because [her] interest in avoiding the unlawful deprivation of [her] liberty outweighs the minimal burden on Respondents to provide notice and an opportunity to be heard" if they wish to re-detain her. Elshourbagy, 817 F. Supp. 3d at 1116.  Finally, given the Report's finding of a constitutional violation, a permanent injunction would serve the public interest, as "it is always in the public interest to prevent the violation of a party's constitutional rights." Riley's Am. Heritage Farms v. Elsasser, 32 F.4th 707, 731 (9th Cir. 2022) (citation modified); see also Pour, 2026 WL 972410, at *3 (granting permanent injunction against re-detention without a pre-deprivation hearing).

Third, Respondents argue the recommended injunction is barred by 8 U.S.C. § 1226(e) ("Section 1226(e)"), which strips jurisdiction from courts to "set aside any action or decision by the Attorney General . . . regarding the detention of any alien or the revocation or denial of bond or parole." Objs. at 6-7.  This argument plainly contravenes binding Ninth Circuit precedent.  As the Ninth Circuit explained in Martinez v. Clark, 124 F.4th 775 (9th Cir. 2024), Section 1226(e) does "not strip federal courts of 'traditional habeas jurisdiction'"; rather, it "'restricts jurisdiction only with respect to the executive's exercise of discretion' but that discretionary judgment does not include constitutional claims or questions of law." 124 F.4th at 781-82 (quoting Singh v. Holder, 638 F.3d 1196, 1202 (9th Cir. 2011)).  Here, Petitioner claims her detention violates her right to due process, and the Report finds a pre-deprivation hearing is constitutionally required.[2]  Thus, Section 1226(e) does not bar the recommended injunctive relief.[3]

Fourth, Respondents object to the scope of the recommended injunction.  Objs. at 7-9.  To the extent Respondents argue 8 U.S.C. § 1252(g) ("Section 1252(g)") precludes granting injunctive relief, that provision, like Section 1226(e), does not bar "general collateral challenges to unconstitutional practices and policies," including due process claims. Ibarra-Perez v. United States,

---

[2] The Court thus interprets the Report's "silence" on Section 1226(e) differently from Respondents; it is precisely because the Ninth Circuit's interpretation of Section 1226(e) is, in Respondents' words, "dispositive" that the Report need not entertain Respondents' jurisdictional argument newly raised in their Objections for the first time.  Objs. at 6.  In any event, the Court notes the cases cited by Respondents in support of their position actually cut against their jurisdictional argument. See, e.g., Aguilar v. Semaia, No. EDCV 26-00023-MCS-SSCx, 2026 WL 166906, at *2 (C.D. Cal. Jan. 16, 2026) ("[T]he Court may review Petitioner's claim that he should have been provided a bond hearing before his re-detention.").

[3] Moreover, to the extent Respondents contend Section 1226(e) bars judicial review of "[a]ny future arrest, custody determination, parole revocation, or bond denial," Respondents appear to take the position any future decision with respect to a noncitizen's detention is insulated from constitutional challenge.  Objs. at 6.  In light of the Ninth Circuit's express holding that the Executive's "discretionary judgment does not include constitutional claims or questions of law" – such that Section 1226(e) does not permit the detention of a noncitizen without due process – Respondents' position not only contravenes binding precedent but also heightens the risk of erroneous deprivation. Martinez, 124 F.4th at 782.

**CIVIL MINUTES—GENERAL**                    Initials of Deputy Clerk DC

154 F.4th 989, 998 (9th Cir. 2025) (citation modified) (quoting Walters v. Reno, 145 F.3d 1032, 1036 (9th Cir. 1998)).  As discussed at length in the Report, Petitioner does not challenge the execution of a removal order, but rather the constitutionality of her detention.  Because the recommended injunction ensures any future detention comports with the requirements of due process, it is not barred by Section 1252(g).  See Venega-Maltez v. Semaia, No. EDCV 26-00525-JAK-AGRx, 2026 WL 846035, at *5 (C.D. Cal. Mar. 24, 2026) (finding Section 1252(g) does not bar a collateral challenge to a detainee's re-detention).

The Court also rejects Respondents' other objections to the scope of the recommended injunction.  While Respondents contend the recommended injunction "is not custody-based," a permanent injunction requiring a pre-deprivation hearing addresses precisely, as Respondents acknowledge, the lawfulness of their actions "to re-detain Petitioner."  Objs. at 8.  For this reason, the recommended injunction is far afield from the injunction vacated in Munaf v. Geren, 553 U.S. 674 (2008), which Respondents describe as "instructive."  Objs. at 8.  Unlike the injunction in Munaf, the recommended injunction here does not enjoin Respondents "from transferring individuals detained within another sovereign's territory to that sovereign's government for criminal prosecution."  553 U.S. at 689.  Instead, the injunction provides "a remedy for unlawful executive detention" and, thus, lies within the proper scope of habeas relief.  Id. at 693.

Respondents further contend the recommended injunction is overbroad because it extends beyond both the "specific harm" of detention and her "immediate physical custodian."  Objs. at 9.  However, as noted above, Petitioner does not merely challenge the fact of her detention; rather, she challenges the lack of procedural due process in her arrest and detention.  Thus, in requiring Respondents to provide a pre-deprivation hearing, the recommended injunction appropriately addresses the "specific harm" shown by Petitioner from Respondents' violation of her due process rights.  Id.  Relatedly, the injunction addresses "something other than [her] present physical confinement."  Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) (emphasis added).  Therefore, the "immediate physical custodian rule, by its terms, does not apply."  Id.  Rather, the recommended injunction properly applies to Respondents as "the entit[ies] or person[s] who exercise[] legal control with respect to the challenged 'custody,'" that is, as the officials with authority over Petitioner's re-detention.  Id. (discussing Braden v. 30th Jud. Cir. Ct., 410 U.S. 484 (1973)).

Fifth, Respondents object to the Report's clear and convincing standard for Petitioner's re-detention.  Objs. at 9-11.  Respondents, once again, misread the applicable case law and the substance of the Report.  While the Ninth Circuit has held bond hearings under 8 U.S.C. § 1226(a) place a "preponderance of the evidence" burden on detainees as a statutory matter, the Report does not recommend a bond hearing pursuant to 8 U.S.C. § 1226(a).  Rodriguez Diaz, 53 F.4th at 1197 (citing Matter of Guerra, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).  Rather, the Report recommends requiring a pre-deprivation hearing as a constitutional matter pursuant to the Due Process Clause.  See Martinez, 124 F.4th at 780 (reviewing bond denial under clear and convincing evidence standard ordered by the district court based on due process).  Thus, the Report's recommendation of a clear and convincing evidence standard based on its finding of an unconstitutional deprivation of Petitioner's liberty is consistent with both binding circuit precedent and the weight of district court authority.  See Singh, 638 F.3d at 1203-05 (allocating a clear and convincing evidence standard where the deprivation of liberty was "significant"); Y.L.S. v. Santacruz, No. EDCV 25-02927-CV-MBKx, 2026 WL 710388, at *1 (C.D. Cal. Mar. 13, 2026) (collecting cases imposing a clear and convincing evidence standard).

Nevertheless, the Court finds it is appropriate to clarify the scope of the recommended injunction to ensure it is "tailored to remedy the specific harm alleged." Los Angeles Press Club v. Noem, 171 F.4th 1179, 1190 (9th Cir. 2026) (citation modified) (quoting Washington v. Trump, 145 F.4th 1013, 1038 (9th Cir. 2025)).  Specifically, as explained in the Report, Petitioner is subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention pursuant to 8 U.S.C. § 1231(a), as Petitioner has not yet entered the statutory removal period.  Rep. at 6-7; see 8 U.S.C. § 1231(a)(1)(B).  Therefore, the recommended injunction should be clarified to enjoin re-detention pursuant to 8 U.S.C. § 1226 without a pre-deprivation hearing, before Petitioner enters the statutory removal period.  Additionally, immigration detention is "nonpunitive in purpose and effect" and permissible only to reduce flight risk or danger to the community.  Zadvydas v. Davis, 533 U.S. 678, 690 (2001).  Thus, in justifying Petitioner's re-detention at a pre-deprivation hearing, Respondents should be required to demonstrate clear and convincing evidence of flight risk and/or danger to the community.

For the reasons set forth above, the Court **OVERRULES** Respondents' Objections, **ACCEPTS** the Report and Recommendation, and **ORDERS** as follows:

1. The Petition for Writ of Habeas Corpus is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner, Modesta Araujo-Contreras (A# 027-237-713), from their custody;
3. Respondents are **ORDERED** to return any confiscated property and documents to Petitioner upon her release;
4. Respondents are **ENJOINED** from re-detaining Petitioner pursuant to 8 U.S.C. § 1226 without providing her a pre-deprivation hearing before an immigration judge where Respondents bear the burden of demonstrating by clear and convincing evidence that Petitioner is a flight risk or a danger to the community such that her physical custody is required; and
5. Respondents are **ORDERED** to file a status report regarding their compliance with this Order no later than three (3) court days of Petitioner's release.

**IT IS SO ORDERED**.